UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDWARD OLUMUYIWA,

           Plaintiff,

-against-

P.O. DAVIS (71ST PCT), MARY JO "GANCI", JOHN DOE SGT., JOHN AND JANE DOES, 1-5,

           Defendants.

**COMPLAINT**

Jury trial demand

    EDWARD OLUMUYIWA, ("Plaintiff") by his attorney, Vik Pawar, Esq. respectfully alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

### JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States and New York Constitutions.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is an African-American male and a resident of Kings County, New York.

7. Defendant Davis is a NYPD police officer assigned to the 71st precinct and was acting under the color of state law and is sued in his individual and official capacity and also because he acted under the color of state law.

8. Defendant Mary Jo Ganci is a resident of Queens, New York.

9. Defendants John and Jane Does are NYPD officers who were assigned to the 71st precinct and were acting under the color of state law and are sued in their individual and official capacities and also because they acted under the color of state law.

## FACTS

10. On September 15, 2013, at approximately 7 pm, plaintiff, a 63 year old father of three and his wife were driving back home from church services.

11. Plaintiff's vehicle came to a stop at a red-light.

12. Plaintiff and his wife observed defendant Ganci sleeping in her vehicle in the center lane facing the same direction as plaintiff's vehicle.

13. When the light turned green, plaintiff proceeded to drive. However and suddenly, defendant Ganci awoke and drove her vehicle straight into plaintiff's vehicle's rear-end.

14. Plaintiff got out of his vehicle and walked over to Ganci's vehicle and tapped on her window. Ganci got out of her car and plaintiff noticed that she smelled of alcohol and was staggering. When plaintiff asked "what did you think you were doing", Ganci went back and slumped inside her vehicle and locked her doors.

15. Plaintiff called for an ambulance and dialed 911.

16. When the ambulance arrived, plaintiff was given an ice-pack.

17. Approximately an hour later, defendants from the NYPD arrived on the scene.

18. At that point, defendant Ganci staggered out of her vehicle and dialed a telephone number from her mobile phone.

19. When the NYPD defendants arrived, she gave her phone to one of the John Doe defendants who had a conversation with another individual on Ganci's phone.

20. At the same time, another John Doe defendant got into Ganci's vehicle and moved it to another location away from the accident in sight of plaintiff and his wife.

21. Although both vehicles were damaged, John Doe defendants allowed defendant Ganci to leave the scene of the accident without obtaining critical information from her.

22. When plaintiff protested that Ganci had rear-ended his vehicle and caused him injuries, defendant Davis arrested him on false charges of driving with a suspended license.

23. Defendants Davis and John Doe brought plaintiff to the 71st precinct where defendant Sergeant John Doe directed him to release the plaintiff.

24. However, defendant Davis said "lets talk in the back room away from [plaintiff]." After the two defendants conversed, plaintiff was put through the arrest processing.

25. Plaintiff was brought to central booking and after 24 hours in custody was released ROR. The baseless and false charges against him were dismissed few months later.

26. When plaintiff went to the precinct, he noticed that the police report was misleading and contained false and inaccurate information. When plaintiff protested, he was informed that the officer who completed the accident report would need to be notified to change the report. However, that never took place and the false accident report remains to this day.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest -Fourth Amendment)

27. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

28. There was no probable cause for the arrest or the continued incarceration of Plaintiff.

29.     Plaintiff was arrested even though he was the victim. The private defendant Ganci had driven away from the scene. There was no complaining victim. Instead, defendant Davis and John Doe officers arrested plaintiff to hide their own misconduct.

30.     The absurdity of the charges became evident when the judge released plaintiff on ROR after 24 hours in custody.

31.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and he sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process and Malicious Prosecution)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

33.     The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. Defendants initiated a baseless prosecution against plaintiff and continued to do so by forwarding false information to the DA's office. Their actions were malicious because they knew plaintiff had committed no crime. All charges against plaintiff were dismissed.

34.     The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

35. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

36. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

37. Defendant John Doe Sergeant was made aware that plaintiff had committed no wrong.

38. Defendant John Doe Sergeant even directed defendant Davis to release plaintiff.

39. However, defendant Sergeant John Doe refused to prevent the further detention of plaintiff even though he had an opportunity to intervene.

40. As a result of his failure to intervention, plaintiff continued to suffer violation of his constitutional rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

41. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

42. Defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that Plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

43. Furthermore, defendants failed to properly investigate Plaintiff's complaint.

44. As a result of defendants' conduct, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

45. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

46. Defendants fabricated evidence that plaintiff had violated the law.

47. Defendants signed a criminal court complaint that forced plaintiff to endure time in custody.

48. As a result of defendants filing trumped up charges and false accident report, plaintiff suffered violation of his constitutional rights and deprivation of property interests.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Section 1981 and Equal Protection)

49. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

50. Defendants targeted Plaintiff and discriminated against him by falsely accusing him of a crime because of his race and color.

51. Defendants' conduct caused plaintiff to suffer false arrest, malicious prosecution and deprivation of property and liberty.

52. Defendants' joint and individual conduct deprived plaintiff of the equal protection of the laws because he was targeted because of his color and deprived the opportunity to file an insurance claim and criminal court complaint against Ganci.

53. Had defendants not engaged in a cover-up or favored Ganci due to plaintiff's race and disparate treatment, he would not have sustained violation of his constitutional rights.

54. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Retaliation/First Amendment)

55. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

56. Plaintiff was a victim of a motor vehicle accident.

57. Plaintiff called 911 and was being treated by EMT when the NYPD defendants arrived.

58. When plaintiff voiced his concerns about the inability of defendant Ganci to drive and the fact her vehicle had struck plaintiff and his wife, defendants retaliated by arresting plaintiff by claiming he was driving with a suspended license and committed other crimes.

59. Plaintiff's arrest and prosecution was solely because he voiced his concerns about police misconduct.

60. As a result, plaintiffs' rights were violated.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Conspiracy under §1985)

61. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

62. NYPD defendants conspired with one another to deprive plaintiff of his constitutional rights. Defendant Davis and defendant Sergeant John Doe covered up their illegal acts and acts of others to benefit themselves and avoid any blemish on their record. In addition they did so to generate favorable results during COMPSTAT, earn overtime and hide their own misconduct. In furtherance of this, they falsified records and testimony to alter the facts and harm plaintiff and protect Ganci and themselves from scrutiny.

63. NYPD defendants also conspired with defendant Ganci and other John Doe defendants to cover-up the illegal actions of Ganci. They did so after speaking to someone on the telephoned after Ganci dialed a number. It was clear that defendants were conspiring with each other to allow Ganci to escape liability and to punish plaintiff.

64. As a result of this conspiracy and the overt actions taken to further the conspiracy, plaintiff suffered injuries.

## State Claims

### AS AND FOR A NINETH CAUSE OF ACTION
(Assault and battery against Ganci)

65. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

66. Ganci committed the crime of assault and battery by using her vehicle to crash into plaintiff's vehicle.

67. Ganci's actions were intentional.

68. As a result of the aforesaid assault and battery, the Plaintiff sustained serious and permanent personal injuries, economic injuries and emotional distress.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against Ganci)

69. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

70. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant Ganci who had a duty to plaintiff not to crash into his vehicle while being under the influence.

71. Defendant breached that duty and caused economic and physical and emotional injuries to plaintiff.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

73. The private and government Defendants acted with malice when they caused plaintiff's arrest for no reason and without any probable cause.

74. Defendants abused the investigative and criminal process to violate the Plaintiff's civil rights knowing full well that he would have to endure the stigma of his arrest and false accident report even after the arrest was voided.

75. As a result of defendants' actions, Plaintiff suffered injuries.

WHEREFORE, the Plaintiff requests that this Court:

a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount of two hundred and fifty thousand dollars for each and every cause of action,

b. Award any statutory damages to the Plaintiff.

c. Award reasonable attorneys fees, cost and expenses,

d. Award punitive damages in an amount to be determined by a jury,

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
December 23, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*